661 F.2d 701
 LEADERSHIP ROUNDTABLE, Irma Brown, Jeffery Hawkins, Albert
Porter and Dr. W. H. Townsend, Appellants,
v.
CITY OF LITTLE ROCK, Carleton McMullin, A. M. Keith, Jim
Dailey, Dwight Linkous, Jim Wellons, Donald Mehlburger, Mike
Castleman, Myra Jones, Webster Hubbell, John Langston, Byron
Morse and Mahlon A. Martin, Appellees.
 No. 80-1994.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Sept. 17, 1981.
Decided Oct. 12, 1981.
 
 Hollingsworth & Associates, P.A., Little Rock, Ark., P. A. Hollingsworth, Little Rock, Ark., argued, Janet L. Pulliam, Little Rock, Ark., for appellants.
 R. Jack Magruder, III, City Atty., City of Little Rock, House, Holmes & Jewell, P. A., Little Rock, Ark., Philip K. Lyon, Little Rock, Ark., argued, Stephen W. Jones, Little Rock, Ark., for appellees.
 Before BRIGHT, HENLEY and ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 In this case, black citizens of Little Rock, Arkansas, seek to alter, on constitutional grounds, the method by which city voters select members of the municipal board of directors. At present, Little Rock citizens vote at large for members of the board of directors. Directors serve for staggered four-year terms (three are chosen at one election, and four are chosen at the subsequent election) but each must declare candidacy for the specific vacancy the candidate seeks to fill. A plurality vote determines the winner of each contest for the several vacancies.
 
 
 2
 The district court dismissed the action and plaintiffs appeal contending, in essence, that the at-large method of election dilutes the voting rights of black persons, in violation of the fifteenth amendment and the equal protection clause of the fourteenth amendment.
 
 
 3
 The district court, Chief Judge G. Thomas Eisele, denied relief in an extensive opinion that fully analyzed the evidence submitted by both parties and applied the principles enunciated by the Supreme Court in City of Mobile, Alabama v. Bolden, 446 U.S. 55, 100 S.Ct. 1490, 64 L.Ed.2d 47 (1980), and this court in Dove v. Moore, 539 F.2d 1152 (8th Cir. 1976), to the facts in this case. Chief Judge Eisele determined that the plaintiffs have the same opportunities as other citizens to participate in the political processes of Little Rock.
 
 
 4
 Our review of the record indicates that the district court's findings of fact are supported by the evidence and that its conclusion that no constitutional violation has occurred follows logically from these same findings. Accordingly, we affirm the judgment of dismissal on the basis of the district court's excellent opinion, reported as Leadership Roundtable v. City of Little Rock, 499 F.Supp. 579 (E.D.Ark.1980).